```
 1  Mark W. Lischwe (#010352)
    MARK W. LISCHWE, P.C.
 2  141 East Palm Lane, Suite 201
    Phoenix, Arizona 85004
 3  Telephone: (602) 252-7552
    Fax: (602) 252-7338
 4  e-mail: m.lischwe@att.net
    Attorney for Debtors
 5                      IN THE UNITED STATES BANKRUPTCY COURT

 6                              FOR THE DISTRICT OF ARIZONA

 7  In re                                    )
                                             )    Chapter 13
 8  THOMAS DILLON SIMMONS,                   )
    KYLE ANN SIMMONS,                        )    Case No.  2:09-bk-22100-GBN
 9                                           )
           Debtors.                          )    CHAPTER 13 PLAN/APPLICATION
10                                           )    FOR PAYMENT OF ADMINISTRATIVE
    _____    )    EXPENSE
11
```

**THIS PLAN CAN MODIFY YOUR RIGHTS AS A SECURED OR UNSECURED CREDITOR PLEASE READ CAREFULLY**

Creditors shall be provided for and paid as stated in this Plan, regardless of the secured amount stated in a proof of claim. If a secured creditor does not timely file and serve an objection to confirmation of the Plan, then it is deemed to have accepted treatment of its claim under the Plan and the amount paid on the secured claim. 11 U.S.C. §1325(a)(5)(A). Confirmation of the Plan binds claimants to treatment of the claims as provided for in this Plan. The binding effect is regardless of any proof of claim which may be filed. 11 U.S.C. §1327.

Debtors propose the following Chapter 13 Plan:

**1.**  **Property and income submitted to the Plan.**  Debtors shall submit the following amounts of property and future income to the Trustee for distribution under the Plan:

   **a.**  **Future earnings or income.**  Debtors shall pay $200.00 per month to the Trustee on or before the ninth (9th) day of each month, commencing October, 2009, for the duration of the Plan. Debtors are instructed to remit all payments on or before the stated due date each month. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Plan can be discharged. This requirement is effective regardless of plan payment suspensions, waivers or moratoriums. Debtors shall make their Plan payments in the form of a cashier's check or money order payable to the Chapter 13 Trustee and place their case number thereon.

   **b.**  **Other property.**  In the event any other non-exempt property is submitted to the Trustee, it shall be treated as part of the Plan base.

   **c.**  **Tax returns.**  The Debtors are required to provide, directly to the Trustee, within thirty days of filing, copies of their Federal and State income tax returns for the tax years 2009 and 2010.

**2.**  **Duration.**  This Plan shall continue forty-three (43) months from month one of the Plan. If, before the end of this period, all excess/disposable income required to be contributed to this plan to the unsecured creditors pursuant to 11 U.S.C. §1325 has been contributed, this Plan shall terminate.

**3. Classification and treatment of claims.** Claims shall be classified and paid in the order as listed below. In the event that secured and/or priority proofs of claim are filed in amounts less than that provided for such claims by this Plan, the Plan duration may be reduced accordingly, provided that all general unsecured creditors shall receive not less than the amount provided in this Plan.

    **a.    Administrative expenses.**

        (1)    Trustee's fees and costs: The Trustee shall charge such percentage fee as may periodically be fixed by the U.S. Attorney General pursuant to 28 U.S.C. Section 586(e), not to exceed 10 percent, however.

        (2)    Debtors' attorney fees: Debtors' attorney has received $1,526.00 in attorney fees outside of this Plan, prior to filing. Debtors' attorney shall be paid a flat fee of $2,474.00.00 inside this Plan for Debtors' Chapter 13 Plan, prior to commencement of payments on any claims listed hereafter, with the exception of any adequate protection payments referenced below, which covers the preparation of Debtors' Plan, attendance at all relevant hearings, the preparation of an Order confirming the Plan and any and all meetings, telephone conferences, correspondence, pleadings and negotiations with client, creditors, Trustee and Court relative to confirming this initial Chapter 13 Plan. Pursuant to the executed Attorney Fee Agreement, additional fees may be charged either by flat or hourly fee for matters not set forth above, pursuant to Court approval, and attorney for Debtors claims an assignment of the Plan payments for fees requested herein. Additional post-Petition flat fees shall be charged as follows: $50.00 for waivers/continuances or additional appearances, $50.00, plus court costs, for amendments to schedules, $200.00 for lien avoidances, $300.00 - $500.00 for lift stay letters/motions, $500.00 for motions to sell/refinance/purchase. In the event of the dismissal of this case prior to confirmation or conversion to Chapter 7, this claim shall be paid from plan payments, subject to Court Order, when applicable, prior to any other debts, except Trustee fees and costs and any adequate protection payments referenced below.

    **b.    Claims secured by real property being surrendered.** Debtors are surrendering their interest in the real property located at 6124 North 18th Drive, Phoenix, Arizona 85015. Any deficiency balance owed to **Chase**, (1st mortgage) its successors and/or assigns, is barred by the Arizona anti- deficiency statute and creditor shall take nothing either through this bankruptcy or outside of bankruptcy, whether discharged or dismissed. Although the anti-deficiency statute bars this claim, it shall also be considered discharged upon completion of the Plan. Any deficiency balance owed to **Chase** (2nd mortgage) shall be treated and paid as an unsecured claim and discharged upon completion of the Plan. Debtors are surrendering their interest in a time share located at Orangetree Golf Course, Scottsdale, Az. Any claim filed by **Shell Vacations Club/Equiant Financial Services,** its successors and/or assigns, shall be paid as an unsecured claim and discharged upon completion of the Plan.

    **c.    Claims secured by personal property being retained.** The following creditors shall retain their interest in property securing their claims. They shall be paid the debt balance set forth below, unless otherwise stated, together with interest at the rate specified. Claims paid as secured shall be paid in full prior to commencement of payment on any claims listed thereafter. Any claims not specifically listed in this paragraph are not allowed secured claims and shall be treated as unsecured claims. Any creditors not listed as secured but who claim secured status must timely file an objection to confirmation of the Plan and serve a copy upon Debtors' counsel. If no such objections or proofs of claim are timely filed, then claims not specifically named below will be fully treated as unsecured, nonpriority claims.

    Any unsecured amount owing to a creditor having collateral surrendered or with an undersecured claim shall be treated as a unsecured, nonpriority claim. The

amount of any secured claim shall be reduced by any adequate protection payments which are paid upon confirmation of the Plan. Upon payment of the claim, any lien in the collateral must be released.

If a creditor listed in this paragraph fails to file a secured claim before confirmation or files a wholly unsecured claim, the Debtors may delete the proposed payment of a secured claim in a proposed order confirming the plan with no additional notice and any security interest held by such creditor shall be immediately released. If a creditor files a secured claim in an amount less than that proposed in this Plan, then the secured claim amount will be the amount paid.

The Trustee is authorized to pay claims listed hereunder as secured notwithstanding failure of a secured creditor to file a proof of claim. If a creditor listed as secured returns funds paid as a secured claim to the Trustee, that claim shall be treated as a general unsecured claim and any security interest held by said creditor shall be immediately released.

**A secured creditor shall be provided for as stated in this Plan regardless of the secured amount stated in a proof of claim. If a secured creditor does not file a timely objection to confirmation of the Plan, then it is deemed to have accepted treatment of its claim under the Plan. 11 U.S.C. Section 1325(a)(5)(A).**

Cars and trucks are valued per the appropriate Kelly Blue Book. All other personal property is valued per Debtors' opinion unless stated otherwise.

| Creditor/ Security | Balance/ Value of Security | Interest Rate | Paid as: Secured Unsecured |
|---|---|---|---|
| Best Buy/ computer, tv, fridge | $3,514.97/ $ 400.00 | 5% | $ 400.00/ $3,514.97 |

    **d.    Tax claims.**
        **(1)    Priority claims.** The claims scheduled below for taxes entitled to priority and interest incurred to the date of Debtors' Petition shall be paid in full, without additional interest and/or penalties, prior to commencement of payment on any claims listed hereafter. Upon completion of the Plan, any pre and post-Petition penalties and post-Petition interest shall be discharged. Should a priority creditor listed herein fail to file a timely Proof of Claim, the amounts listed therein shall be treated and paid as an unsecured claim and any balance remaining discharged. Debtor shall remain current with post-petition tax return filings as well as making all payments due on such returns promptly. Debtor states that all required tax returns have been filed through tax year 2008.

| Claimant/ Kind of Tax | Tax Period | Tax Amount | Interest | Total Priority Claim |
|---|---|---|---|---|
| N/A | | | | |

        **(2)    Other tax claims**. All other tax claims shall be classified and paid as unsecured claims, with portion not paid being discharged. Unliquidated claims, if any, could change the estimated percentage of payback for listed unsecured claims.

    **e.    Unsecured claims.** All other claims shall be classified as unsecured claims which are dischargeable pursuant to 11 U.S.C. §1328. Allowed claims in this class shall be paid without interest the balance of payments under the Plan, pro rata, after payment in full of all claims listed above. Any amounts unpaid shall be discharged upon completion of the Plan, with the exception of any student loan balances, unless said student loans are discharged by a separate hardship discharge complaint. The amount paid to allowed general unsecured claims upon confirmation may

3

differ from the amount as stated in the attached Plan Analysis.  Unliquidated claims, if any, may affect the estimated payback scheduled for unsecured creditors.

    **4.**    **Effective date and vesting.**  The effective date of the Plan shall be the date of the Order confirming the Plan.  Property of the estate shall vest in the Debtors upon confirmation and the automatic stay shall remain in effect.  The Debtors may use the property in any manner, or may sell the property, without further Order of this Court.

    **5.**    **Other.**
        **(a)**    **Proofs of Claim.**
            (1) Debtors make no admission of liability on a claim in the event an objection to a proof of claim is not filed.

            (2) The Plan and any Order Confirming Plan shall not constitute an informal proof of claim for any creditor.

DATED this 9th day of September, 2009.

        MARK W. LISCHWE, P.C.


        By/s/ MWL - #010352
         Mark W. Lischwe
         141 East Palm Lane, Suite 201
         Phoenix, Arizona 85004
         Attorney for Debtors

We certify that we are current on all required tax filings and that there are no outstanding domestic support orders against ourselves.


/s/ Thomas Dillon Simmons
Debtor


/s/ Kyle Ann Simmons
Debtor

## PLAN ANALYSIS

Debtor(s):   THOMAS & KYLE SIMMONS          Case No.   2:09-bk-22100-GBN

Prior:   Chapter 7   ( )          Chapter 13   ( )          Date:

### TOTAL DEBT AND ADMINISTRATIVE EXPENSES PROVIDED FOR BY THE PLAN

| | | |
|---|---|---|
| A. | DEBTOR(S) UNPAID ATTORNEY FEES.......................................... | $___2,474.00___ |
| B. | PRIORITY CLAIMS.................................................................... | $_____ |
| | 1.   Taxes........................................................................ | $_____ |
| | 2.   Other........................................................................ | $_____ |
| C. | PAYMENTS TO CURE DEFAULTS............................................... | $_____ |
| D. | PAYMENTS ON SECURED CLAIMS............................................. | $____430.00____ |
| E. | PAYMENTS ON OTHER CLASS.................................................. | $_____ |
| F. | PAYMENTS ON GENERAL UNSECURED CLAIMS.......................... | $___4,836.00___ |
| G. | SUB-TOTAL............................................................................. | $___7,740.00___ |
| H. | TRUSTEE'S COMPENSATION (10% of Debtor(s) payments).............. | $____880.00____ |
| I. | TOTAL AMOUNT OF PLAN PAYMENTS........................................ | $___8,600.00___ |

### RECONCILIATION WITH CHAPTER 7

J.   INTEREST OF GENERAL UNSECURED CREDITORS IF CHAPTER 7 FILED
K.          Value of Debtor(s) interest in nonexempt property...................... $___6,377.26___
    1.   Value of property recoverable under avoiding powers................. $_____
    2.   Less: Estimated Chapter 7 administrative expenses.................... $___1,616.72_
    3.   Less: Priority claims.............................................................$_____0.00____

K.   EQUALS ESTIMATED DIVIDEND FOR GENERAL UNSECURED CREDITORS
     UNDER CHAPTER 7............................................................................. $___4,760.54__

L.   ESTIMATED DIVIDEND UNDER PLAN............................................. $___4,836.00.___

**IF THERE ARE DISCREPANCIES BETWEEN THE PLAN AND THIS PLAN ANALYSIS, THE PROVISIONS OF THE PLAN, AS CONFIRMED, CONTROL**